FILED by _RoS_ D.C.

DEC 1 6 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT
S. D. of FLA. – MIAMI

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CDCS# 2003A97388
Case No.:

| UNITED STATES OF AMERICA | § | 09-23742 |
| vs. | § | |
| FRANCISCO VIANT, | § | CIV-GRAHAM /TORRES |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Miami-Dade County, Florida within the jurisdiction of this Court and may be served with service of process at 17200 NW 29 AVE, MIAMI GARDENS, FL 33056.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $4,550.18 |
| B. Current Capitalized Interest Balance and Accrued Interest as of December 8, 2009 | $6,769.01 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied (Debtor payments, credits, and offsets) | $0.00 |

|   |   |
|---|---|
| E. Attorneys fees | $400.00 |
| **Total Owed** | **$11,719.19** |

The Certificate of Indebtedness, attached as Exhibit "A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 3.73% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

**David E. Newman. P.A.**

Date: 12\16\09    By: _____

Jennifer Margolis Marquez
Florida Bar Number 0770701
1533 Sunset Drive, Suite 225
Coral Gables, Florida 33143
Tel.305-665-9633
Facsimile 305-666-9714
Email:jenmargolis@bellsouth.net

**EXHIBIT "A"**

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Francisco P. Viant
3170 SW 8th Street #C319
Miami, FL 33135
SSN: xxx-xx-2217

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 09/11/07.

On or about 10/19/88, the borrower executed promissory note(s) to secure loan(s) of $4,000.00 from First Independent Trust Company at a variable rate of interest to be established annually by the Department of Education. This loan obligation was guaranteed by Texas Guaranteed Student Loan Corporation and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 03/20/89, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $4,550.18 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 CFR 682.410(b)(4), the guarantor charged the borrower interest on the total amount paid to the holder. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/25/94, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $4,550.18 |
| Interest: | $6,138.97 |
| Administrative/Collection Costs: | $0.00 |
| Late fees | $0.00 |
| Total debt as of 09/11/07: | $10,689.15 |

Interest accrues on the principal shown here at the current rate of 8.20% at a daily rate of $1.02 through June 30, 2008 and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/11/07            Name: Alberto Francisco
                                       Senior Loan Analyst

# TGSLC APPLICATION AND PROMISSORY NOTE FOR A PLUS OR SLS LOAN

**WARNING:** ANY PERSON WHO KNOWINGLY MAKES A FALSE MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 U.S.C. 1097.

## SECTION I—TO BE COMPLETED BY BORROWER
*Type or print clearly with a ball-point pen. Read the instructions carefully.*

1. Social Security Number: [redacted]-2217
2. Last Name: Viant — First Name: Franciso — MI: P
3. Birth Date: [redacted]/75
4. Permanent Home Address: 5720 Glenmont #9, Houston, Texas 77081
5. State of Permanent Residence: Texas
6. Home Area Code/Phone Number: (713) 664-8463
7. Driver's License Number: none
8. U.S. Citizenship Status: (b) Eligible Noncitizen — Alien I.D. [redacted]2215
9. Type of Borrower: Independent Undergraduate Student
10. Are you in default on any educational loan or do you owe a refund on a grant? No
10a. Name and address of lender from whom you want loan: none
11. Do you have any outstanding GSL, PLUS or SLS loans that are NOT guaranteed by the TEXAS GUARANTEED STUDENT LOAN CORPORATION? No

12. Borrower's Employer
   - Name: Unemployed

13. Relative/Friend (Circle One)
   - Name: Jesus Merendez
   - Address: 5711 West ward #1700
   - City, State, Zip: Houston, TX. 77081
   - Phone: 713-none
   - Employer: Common Mark Co.

   Relative/Friend (Circle One)
   - Name: Lilian Figueiro
   - Address: 669 South 137 Ave
   - City, State, Zip: Miami, FL 331[—]
   - Phone: (305) 443-1569
   - Employer: unemployed

## PROMISSORY NOTE FOR A PLUS OR SLS LOAN

A. I, THE UNDERSIGNED BORROWER IDENTIFIED IN SECTION I, ITEM 2, (and any endorser (cosigner) signing with the borrower), promise to pay to you or your order when this Note becomes due as set forth in Paragraph B the sum of

**Four Thousand Dollars** ($4,000.00)
Requested Loan Amount

to the extent that it is advanced to me, plus an amount equivalent to simple interest as set forth in Paragraph C and any other charges which may become due as set forth in Paragraph F. All payments will be made to your address as indicated on my Disclosure Statement, or to any other address you notify me of.

I understand that by accepting the proceeds of this loan I am agreeing to repay the sum advanced to me including a guarantee fee under the terms and conditions of this Promissory Note and the Disclosure Statement. I further understand and agree that if the sum in the Disclosure Statement is less than the sum stated in this Note I am obligated to repay the sum stated in the Disclosure Statement.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN IT BEFORE I READ IT, INCLUDING THE WRITING ON THE REVERSE SIDE AND THE ATTACHED RIGHTS AND RESPONSIBILITIES STATEMENT, EVEN IF OTHERWISE ADVISED. I WILL NOT SIGN THIS NOTE IF SECTION I OF MY APPLICATION CONTAINS ANY BLANK ITEMS. I AM ENTITLED TO KEEP AN EXACT COPY OF THIS APPLICATION AND

PROMISSORY NOTE. I AM ALSO ENTITLED TO KEEP AN EXACT COPY OF THE DISCLOSURE STATEMENT TO BE ISSUED TO ME BEFORE I ACCEPT MY LOAN CHECK. BY SIGNING THIS NOTE, I ACKNOWLEDGE THAT SECTION I OF MY APPLICATION AND PROMISSORY NOTE CONTAINS NO BLANK ITEMS AND THAT I HAVE KEPT AN EXACT COPY OF MY APPLICATION AND PROMISSORY NOTE COMPLETED THROUGH SECTION I. BY SIGNING THIS NOTE, I CERTIFY THAT I HAVE READ, UNDERSTAND, AND AGREED TO THE BORROWER CERTIFICATION ON ITS REVERSE SIDE AND THE ATTACHED RIGHTS AND RESPONSIBILITIES STATEMENT. I, THE ENDORSER (COSIGNER), HAVE ALSO READ AND UNDERSTAND THIS PROMISSORY NOTE AND ACKNOWLEDGE THAT I MAY BE RESPONSIBLE FOR PAYMENT IN FULL OF THIS OBLIGATION.

Signature of Borrower/Comaker: *Francisco Perez Viant* — Mo/Day/Yr: 10/19/8[8]

Signature of Endorser (Cosigner) if any: _____  Mo/Day/Yr: _____
Endorser's (Cosigner's) Address: _____

## SECTION II—TO BE COMPLETED BY STUDENT

14. Social Security Number: [redacted]-2217
15. Last Name: Viant — First Name: Francisco — MI: P
16. Birth Date: [redacted]/75
17. U.S. Citizenship Status: (b) Eligible Noncitizen — Alien I.D. A28852215
18. Are you in default on any educational loan or do you owe a refund on a grant? No
19. If you are borrowing and are at least half-time, do you wish a deferment if eligible? Yes
20. Signature of Student: *Francisco Perez Viant* — Mo/Day/Year: 10-19-8[8]

## SECTION III—TO BE COMPLETED BY SCHOOL'S FINANCIAL AID OFFICE

21. Name of School: RS Institute
22. Dependency Status: Independent
23. Loan Period Mo/Day/Yr — From: 10/19/88  To: 1/19/89
24. Student Grade Level: 1/0
25. City: Houston — State: TX — Zip Code: 77015
26. Area Code/Telephone Number: (713) 453-5031
27. School Code: 022987
28. School anticipates that student will be enrolled: Full-time  UNTIL: 1/19/89
29. Estimated Cost of Education for Loan Period: $5166.00
30. Other Financial Aid For Loan Period (include GSL Loans): —0—
31. Eligibility Determined by School: $5166.00
32. Signature of Official: *Ronda Morris* — Title: G.A.O. — Mo/Day/Yr: 10-24-8[8]

## SECTION IV—TO BE COMPLETED BY LENDER

[redacted]-2217 VIANT, FRANCISO
Amt -- 04000  Disb Dt1 11/19/1988
Mths 120  1st Pay't 03/20/1989

33. Name of Lender: First Independent Trust Company
36. Address: P.O. Box 2562, Sacramento, CA 96[8]4[redacted]
39. Area Code/Telephone Number: 1-800-34-FIRST
40. Lender Code: 831477
41. Signature of Authorized Lending Official: *Min Chun* — Title: Quality Assurance Sup. — 11/17/8[8]

**BORROWER:** TERMS OF PROMISSORY NOTE CONTINUE ON REVERSE SIDE    **COPY A—LENDER** LENDER RETAINS THIS ORIGINAL COPY    04-04-350-01-0

## PROMISSORY NOTE (CONTINUED)

B. **Date Note Becomes Due:** I will repay this loan in monthly installments during a repayment period that will begin no later than 60 days after disbursement.

C. **Interest:** I agree to pay simple interest that accrues on my loan at the interest rate in effect when I enter repayment. My interest will begin to accrue on the day my loan is disbursed. My interest rate is a variable rate of interest except if otherwise... [illegible] ...the loan is disbursed and it will be adjusted each year after the Secretary of Education, as established by law, determines the interest rate for that year.

D. **Guarantee Fee:** I will pay you a guarantee fee which you will forward to the Texas Guaranteed Student Loan Corporation (TGSLC) for its guarantee of this Note. The guarantee fee will not exceed 3% of the principal amount of the loan (unless changed by Federal law). I decide not to use the loan and the uncashed check is returned to the lender or if the loan check is not cashed within 120 days of the check date, or if not, is the check then pay that not with 120 days of the check date, the guarantee fee will be credited to the balance.

E. **Whole Loan Due:** Any other provision of this Note notwithstanding, I will be in default on this agreement if (1) I fail to make a payment when due, provided that failure persists for 180 days, or (2) I make any false written statement in applying for this loan or for suspension or deferment of this loan, or (3) I break any of my other promises under this agreement, or (4) after I receive my loan proceeds, if the student fails to enroll for the period covered by this loan, at the school listed on this Application and Promissory Note for at least one-half of the normal full-time academic workload required by the school. If I default on this loan (1) you may declare the entire unpaid amount, including interest, immediately due and payable; (2) you or TGSLC may disclose to schools I have attended (or am currently attending) the information about the default; and (3) I will be ineligible to receive assistance from any of the following federal programs: Pell Grant, College Work-Study, State Student Incentive Grant, Perkins Loan (formerly called National Direct Student Loans), Guaranteed Student Loans, Supplemental Loans for Students, PLUS, or Consolidation Loans.

F. **Collection Costs and Charges:** I agree to pay you reasonable amounts permitted by law, including the lesser of an outside attorney and court costs, which you incur in collecting any amount I owe under this Note which is not paid when due. (If this loan is referred for collection to an attorney who is not your full-time employee subject to the Fair Debt Collection Practices Act, I will pay those collection costs which do not exceed 25% of the unpaid principal and accrued interest.) If any installment payment has not reached you within ten days after its due date, you may charge me 6% of the late installment.

G. **Prepayment:** I may at my option and without penalty, prepay all or any part of the principal and accrued interest owed on this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest I have paid.

H. **Additional Agreements:** (1) The proceeds of this loan will be used only for educational expenses at the school listed on my Application and Promissory Note. (2) Any notice required to be given to me, including my Disclosure Statement, will be effective when mailed by first-class mail to the latest address you have for me. No separate notice is required for any endorser (cosigner). (3) Your failure to enforce or to insist on compliance with any terms of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing. (4) If TGSLC is required under its guarantee to repay my loan(s), you as lender I have contacted, TGSLC will become the owner of this Note and as my creditor will have all the rights of the original lender to enforce this Note against me. (5) I must repay this Note even though I was under 18 years of age. (6) My loan will be cancelled if I die or become totally and permanently disabled. (7) In this Note, the words I, me, and my mean each and all of those who signed the Note. If more than one person signs this Note, each person will be liable up to the full amount of the loan. You and yours means the lender or any other owner of this Note.

I. **Deferment for PLUS Borrowers:** I may defer payment of principal of my loan after the repayment period begins under any of the following circumstances: (1) While I am engaged in: (a) Full-time study at a school that is participating in the GSLP, and is authorized as an institution of the United States and am studying at a school not in the United States; (b) Full-time study in an institution of higher education or a vocational school operated by an agency of the United States government; (c) Study under an eligible graduate fellowship program; (d) A course of study under a rehabilitation training program for disabled individuals, and (e) At least half-time study at a school that is participating in the GSLP, unless I am not a national of the United States and am studying at a school not in the United States, and provided I obtain a GSL or SLS loan for that period and I am a new borrower (as defined below). (2) For each of the loans which: (a) Periods not exceeding: (a) 36 months while I am temporarily totally disabled, as established by sworn affidavit of a qualified physician, or while I am unable to secure employment because of the care or treatment of other dependent who is temporarily totally disabled, as established by sworn affidavit of a qualified physician, and (b) 24 months while I am conscientiously seeking, but unable to secure full-time employment. (3) While the student for whom I borrowed is dependent and is engaged in: any study or any elective postgraduate fellowship program or an eligible rehabilitation training program for disabled individuals, or (h) at least half-time study at a school that is participating in the GSLP, unless the student is not a national of the United States and is studying at a school not in the United States, and provided the student obtains a GSL or SLS loan for that period and is a new borrower (as defined below).

If my cosigner and I both are Registered Endorsers, both of us must be eligible for a deferment in order for payment of principal to be deferred.

**Deferment for New Borrowers:** I may defer payment of principal of my loan after the repayment period begins under any of the following circumstances: (1) While I am engaged in: (a) Full-time study at a school that is participating in the GSLP and I am a national of the United States and am studying at a school not located in the United States; (b) Full-time study at an institution of higher education or a vocational school operated by an agency of the federal government (e.g., the service academies) unless I am not a citizen or national of the United States and am studying at a school not located in the United States; (c) Study under an eligible graduate fellowship program; and, (d) An eligible rehabilitation training program for disabled individuals. (2) For periods not exceeding 36 months for each of the following while: (a) Serving on active duty in the Armed Forces of the United States (serving as an officer in the Commissioned Corps of the United States Public Health Service); (b) Serving as a Peace Corps volunteer or as a full-time volunteer under the Domestic Volunteer Service Act of 1973 (ACTION programs), if I have agreed to serve for a term of at least one year; (d) Performing full-time service... [illegible]

*I declare under penalty of perjury that the foregoing is a true and correct copy of the original promissory note.*

signature: **John S. Woods**
Title: **Assistant Manager**
Date: **072194**

PAY to the order of the TEXAS GUARANTEED STUDENT LOAN CORPORATION, without recourse
FIRST WACHOVIA, EL PASO, TEXAS, as authorized agent for STUDENT FINANCIAL SERVICES, INC., trustee for WEST TEXAS COMMERCE BANK of TEXAS HIGHER EDUCA- REVENUE BONDS SERIES 1988
By _____
Date 11/7/89

J. **Repayment at Installments:** I will repay the amount due on this Note in installments, with interest at the rate indicated in Paragraph C, unless I enter into a situation as described in Paragraph E, in which case the whole amount is due. I authorize you to pay any charged items of interest to the lender or any other holder of this Note. This Note becomes due as set forth in Paragraph B, you will send me a Repayment Schedule which draws the periodic repayment terms that will become part of this Note. Any endorser (cosigner) who signs this Note will also be obligated to repay this Note. The Repayment Schedule will require me to make monthly payments for a period of generally not less than five nor more than ten years. However, the following exceptions to these rules apply: (1) The lender may require I not pay less than $50 a month that I am not also... [illegible] ...during any period of deferment as described above and (2) I shall, if I have a GSL, PLUS or SLS loans outstanding, we,—pay lower monthly installments of at least a portion of the unpaid balance of all such loans until... [illegible] ...at least 120% of monthly for any period described under DEFERMENT in this Promissory Note, or if the lender grants... [illegible]

K. **Credit Bureau Notification:** I authorize you to report my loan status, repayment, and default if any, to credit bureaus (but only after my last employer within 30 days after the lender notifies me that my account is in default)... [illegible] ...to the credit bureaus regarding... THE APPLICATION OR AVAILABILITY OF MY... [illegible] ...MY ABILITY TO OBTAIN OTHER CREDIT.

L. **Transfer of Note:** This Note may be transferred to any eligible institution that... the index cannot be... [illegible] ...This Note is not subject to... the default of the student, and a self-signature of the student shall be... [illegible]

I declare under penalty of perjury under the laws of the United States of America, that the following... [illegible] ...as required in Section I of this Application is true, complete, and correct to the best of my knowledge and belief. I certify that I have read, understood, and agreed to the Notice to the Borrower on the reverse side of this form, and authorize the school to certify the eligibility of the student on whose behalf I am borrowing for the loan amount specified, or a lesser amount. I agree to reduce the total amount of all educational assistance to the student under Title IV of the Higher Education Act, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address). I certify that the proceeds of this Application will be used for educational expenses of the student named in Section III. I understand that making a false statement or misrepresentation on this form is punishable under Federal law and I may be subject to fines or imprisonment under Title 18 U.S. Code. I declare that if at the time this loan is made I have any other outstanding Federal Undergraduate Students and the Supplemental Loans for Students, my loan will not exceed the aggregate limits allowed by law. I understand that having a balance owed on a defaulted loan will render me ineligible for Title IV aid. I certify that the proceeds of my loan will, in full, or in part, made payable to me (and sent to the school listed in Section III) if I am at school. I have read and understood the "Statement of Borrower's Rights and Responsibilities" supplied with this Application.

signature [illegible]

# CIVIL COVER SHEET

FILED by ___ D.C.
DEC 16 2009
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

**DEFENDANTS**

FRANCISCO VIANT

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U S PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT MIAMI-DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS: DAVID E. NEWMAN, P.A. 305-665-9633
1533 Sunset Drive, #225
Coral Gables, FL 33143

ATTORNEYS (IF KNOWN)
CIV-GRAHAM / TORRES

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: **DADE**, MONROE, BROWARD, PALM BEACH, MARTIN, ST LUCIE, INDIAN RIVER

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

[X] 1 U S Government Plaintiff
[ ] 2 U S Government Defendant
[ ] 3 Federal Question (U S Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| □ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B□ 610 Agriculture | □ 422 Appeal 28 USC 158 | □ 400 State Reapportionment |
| □ 120 Marine | □ 310 Airplane | □ 362 Personal Injury – Med Malpractice | B□ 620 Other Food & Drug | □ 423 Withdrawal 28 USC 157 | □ 410 Antitrust |
| □ 130 Miller Act | □ 315 Airplane Product Liability | □ 365 Personal Injury – Product Liability | B□ 625 Drug Related Seizure of Property 21 USC 881 |  | □ 430 Banks and Banking |
| □ 140 Negotiable Instrument | □ 320 Assault, Libel & Slander | □ 368 Asbestos Personal Injury Product Liability | B□ 630 Liquor Laws | A PROPERTY RIGHTS | B□ 450 Commerce/ICC Rates/etc |
| □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 330 Federal Employers Liability |  | B□ 640 R.R. & Truck | □ 820 Copyrights | □ 460 Deportation |
| □ 151 Medicare Act | □ 340 Marine | PERSONAL PROPERTY | B□ 650 Airline Regs | □ 830 Patent | □ 470 Racketeer Influenced and Corrupt Organizations |
| [X] 152 Recovery of Defaulted Student Loans (Excl Veterans) | □ 345 Marine Product Liability | □ 370 Other Fraud | B□ 660 Occupational Safety/Health | □ 840 Trademark | □ 810 Selective Service |
| B□ 153 Recovery of Overpayment of Veteran's Benefits | □ 350 Motor Vehicle | □ 371 Truth in Lending | B□ 690 Other |  | □ 850 Securities/Commodities/Exchange |
| □ 160 Stockholders Suits | □ 355 Motor Vehicle Product Liability | □ 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | □ 875 Customer Challenge 12 USC 3410 |
| □ 190 Other Contract | □ 360 Other Personal Injury | □ 385 Property Damage Product Liability | □ 710 Fair Labor Standards Act | □ 861 HIA (1395ff) | □ 891 Agricultural Acts |
| □ 195 Contract Product Liability |  |  |  | □ 862 Black Lung (923) | □ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | □ 720 Labor/Mgmt Relations | □ 863 DIWC/DIWW (405(g)) | □ 893 Environmental Matters |
| □ 210 Land Condemnation | □ 441 Voting | B□ 510 Motions to Vacate Sentence |  | □ 864 SSID Title XVI | □ 894 Energy Allocation Act |
| B□ 220 Foreclosure | □ 442 Employment | HABEAS CORPUS | □ 730 Labor/Mgmt Reporting & Disclosure Act | □ 865 RSI (405(g)) | □ 895 Freedom of Information Act |
| □ 230 Rent Lease & Ejectment | □ 443 Housing/Accommodations | B□ 530 General | □ 740 Railway Labor Act | FEDERAL TAX SUITS | □ 900 Appeal of Fee Determination Under Equal Access to Justice |
| □ 240 Torts to Land | □ 444 Welfare | A□ 535 Death Penalty | □ 790 Other Labor Litigation | A□ 870 Taxes (U S Plaintiff or Defendant) | □ 950 Constitutionality of State Statutes |
| □ 245 Tort Product Liability | □ 440 Other Civil Rights | B□ 540 Mandamus & Other | A□ 791 Empl Ret Inc Security Act | A□ 871 IRS – Third Party 26 USC 7609 | □ 890 Other Statutory Actions A OR B |
| □ 290 All Other Real Property |  | B□ 550 Civil Rights |  |  |  |
|  |  | B□ 555 Prison Condition |  |  |  |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

RECOVERY OF FUNDS EXPENDED BY PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN. CFR 682.100(4)(d)

LENGTH OF TRIAL
via _1_ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
□ CHECK IF THIS IS A CLASS ACTION UNDER FRCP 23

DEMAND $ _____

CHECK YES only if demanded in complaint
JURY DEMAND: □ YES [X] NO

## VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE: 12/16/09

SIGNATURE OF ATTORNEY OF RECORD
Jennifer Margolis Marquez (F.B.N. 0770701)

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____